HILLIGOSS v. STATE OF INDIANA.

[No. 1168S192. Filed February 5, 1970. No petition for rehearing filed.]

*Henry P. Schrenker,* Public Defender (Trial Court), of Anderson, for Appellant.

*Theodore L. Sendak,* Attorney General, *Curtis C. Plopper,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a conviction of the offense of armed robbery. Trial was by jury resulting in a verdict of

guilty. Appellant assigns as error in this Court the overruling of his motion for a new trial.

The record in this case discloses the following:

At about 11:00 P.M. on the night of September 29, 1967, one Agnes B. Good, the prosecuting witness, who was the owner and manager of A. Good Package Liquor Store in Anderson, Indiana, was preparing to close the store when a man later identified by her as the appellant came in and purchased a half pint of whiskey. He paid for his purchase, walked toward the door, then abruptly swung around and pointed a gun at Mrs. Good. He ordered her into the wash room at the back of the store where he closed the door and ordered Mrs. Good to remain. Mrs. Good testified that there were bells at the front door which rang when someone went in or out. She said she heard the bell ring twice while she was in the back room.

After the bell rang the second time, Mrs. Good came out of the wash room and saw William E. Turner standing in the store. She went to the cash register and determined that all of the paper money was gone; only some change remained in the drawer.

Mr. Turner testified that when he came in the store another man was there. He testified that this man opened the cash register. Mr. Turner stated that he did not actually see the man remove money from the register. The man then walked out the front door. Shortly after this Mrs. Good appeared pale and shaking.

Mrs. Good testified that she closely observed the appellant for a period of a few minutes; that she was making a conscious effort to notice the color of his hair and facial features and his approximate height and weight. Based upon this she made a positive identification of the appellant in the court room as the person who had ordered her into the back room of her store and who had been in the store at the time the money was missing from the cash register.

Appellant first argues that the trial court erred in permit-

ting Mrs. Good to testify to the amount of money missing from the cash register. This objection was on the basis of the best evidence rule claiming that the cash register tape would be the best evidence as to the amount missing. We find no merit in this contention for two reasons: first, the best evidence rule applies only in those situations where parties seek to prove a writing for the purpose of establishing its terms. In such an instance the instrument itself is the best evidence. However, in the case at bar there was no attempt to prove the content of the tape in the cash register. The question in issue was how much money was taken from the cash register at a particular time. Mrs. Good was in charge of the cash register at that time and the trial court was well within its discretion in ruling that Mrs. Good was competent to testify to the amount of money taken so long as the facts were within her knowledge. See 32A C. J. S., *Evidence*, § 786. See also *Maier* v. *Publicker Commercial Alcohol Co.* (1944), 62 F. Supp. 161, 167.

Secondly, it is immaterial in the case of robbery to establish the exact amount of money taken. The fact that anything of value was taken from the victim in armed robbery is sufficient to establish the offense. Therefore, there was no issue before the court as to the exact amount which was removed from the cash register during the robbery. See *Holler* v. *State* (1941), 219 Ind. 303, 38 N. E. 2d 242; *Eicks* v. *State* (1933), 204 Ind. 417, 184 N. E. 407.

Appellant next urges that the court erred in permitting an amendment to the affidavit by interlineation to conform to the testimony as to the amount of money taken. The affidavit alleged that $300 had been taken. The court permitted the amendment to show that $160 had been taken. For the reasons above stated the making of this amendment made no change in the nature of the crime charged and therefore was permissible under Burns' Indiana Statutes § 9-1133. There was, therefore, no error in permitting the amendment.

Appellant next contends there was no evidence in the record to sustain that portion of the verdict finding the appellant to be 22 years of age. The appellant takes the position that the only evidence as to his age in the record was in the testimony of Officer Marionski whose testimony was ordered stricken on a motion to suppress. However, an examination of the record discloses the motion to strike was made and sustained following Officer Marionski's testimony concerning the arrest. However, following the sustaining of the motion to suppress, Officer Marionski further testified concerning the age of the appellant stating that his age was 22 years at the time; that his birthday was March 30, 1945. This evidence was not included in that portion of the evidence stricken from the record, remains therein and is adequate to support the verdict of the jury as to age.

Appellant next claims that the trial court erred in permitting Officer Marionski to remain in the court room following the sustaining of the motion for separation of witnesses. The matter of separation of witnesses is left to the sound discretion of the trial court. The court was acting well within this discretion in permitting the prosecutor to retain the investigating police officer to aid him in the prosecution of the case. The fact that this officer was also a witness who later testified in the case does not render the trial judge's discretion abusive. *Butler* v. *State* (1951), 229 Ind. 241, 246, 97 N. E. 2d 492; *Kelley* v. *State* (1948), 226 Ind. 148, 151, 78 N. E. 2d 547.

Appellant next argues sufficiency of the evidence, first on the ground that an alibi witness one Sandra Day testified that the appellant was with her on the night in question. The testimony of Sandra Day at the trial placed the appellant in her apartment at the time of the robbery. However, in a written statement given the day after the robbery Sandra Day gave times that would have permitted the appellant to have been present at the robbery. In any event,

this is an evidentiary matter submitted to the jury for its weight and consideration. This Court will not weigh such evidence. *Fisher* v. *State* (1966), 247 Ind. 529, 219 N. E. 2d 818.

Appellant also claims lack of sufficiency of the evidence in that there was inadequate identification of the appellant and questions the fact that Mr. Turner, who was in the store during the time the appellant was allegedly removing money from the cash register, was unable to make positive identification. However, as pointed out, Mrs. Good was able to state that she made a very careful observation of the appellant during the robbery, and that she was sure of her identification. This argument was a matter of fact to be determined by the jury, the evidence of which fact will not be weighed by this Court.

Appellant next contends that the evidence that he removed any money from the cash register is entirely circumstantial and, therefore, must exclude every reasonable hypothesis of innocence. However, the facts in this case as above recited are such as fully support the verdict of the jury. Mrs. Good was the sole person in charge when appellant entered her place of business, and she was closed in the back room for a period of time while the appellant had access to her cash register. She testified that immediately upon coming out of the back room she went to the register and discovered the paper money had been removed. This coupled with the fact that appellant had forced Mrs. Good into the back room at gun point, we feel is substantial evidence upon which the jury could infer that it was in fact the appellant who removed the money from the cash drawer. This Court will not weigh such evidence to set aside the verdict. *Shipman* v. *State* (1962), 243 Ind. 245, 183 N. E. 2d 823; *Shutt* v. *State* (1954), 233 Ind. 169, 117 N. E. 2d 892.

The trial court is, therefore, affirmed.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 255 N. E. 2d 101.