KINDRED *v.* STATE OF INDIANA.

[No. 369S47. Filed April 29, 1970. No petition for rehearing filed.]

*Ralph M. Foley, Foley & Foley,* of Martinsville, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of theft. Upon a plea of not guilty, the appellant was tried by the court and found guilty. He was sentenced to the Indiana Reformatory for a period of not less than one nor more than five years and fined $50 and costs.

The evidence most favorable to the State is that on April 2, 1968, one Clarence Taylor was employed by Fred Fishel as a filling station attendant operating a Sunoco Filling Station in Martinsville, Indiana. At 6:00 P.M. on that date Mr. Taylor in preparation for the changing of shifts at the station counted the money in the cash register and found it to be $202.60. The fact that this count was made was also verified by another witness, James Maxwell, who assisted in making the count. Another attendant, Russell Patton, Jr., testified that he came on duty at that time and that from 6:00 o'clock when he came on duty until 7:00 o'clock no other person was in the station or had access to the cash register except in his presence. That at 7:00 o'clock the appellant entered the filling station at a time when the witness, Russell Patton, was pumping gas into an automobile in front of the station. Mr. Patton testified that no other person was in the station at the time appellant entered. That after staying a few minutes the appellant left the station. The witness, Patton, immediately went in and observed the cash register was registering "no sale." He testified that he knew that he had not left the machine in that condition. He immediately again punched the no sale key, obtained a dime to call Mr. Fishel, the owner of the station.

Mr. Fishel testified that he received the call at about 7:00

P.M., came immediately to the station, again punched the no sale key, opened the register and determined that $53.32 was missing.

Appellant's first allegation of error is that there is a fatal variance between the affidavit and the proof in that he claims the affidavit charged the crime to have been committed March 2, 1968, whereas the proof established April 2, 1968. Upon an examination of the record in this case, we find the appellant to be in error in this regard. The transcript clearly shows the affidavit to allege the crime to have been committed April 2, 1968, which is also the date proved by the evidence submitted by the State. Appellant is, therefore, in error in his observation in this regard.

Next the appellant alleges that there is insufficient evidence to connect the appellant with the alleged crime. It is true that there is no direct evidence in the record that anyone actually saw the appellant remove any cash from the cash register; however, as above pointed out, the State's evidence is that the appellant was the only person in the station at a time when a no sale registration was made on the register. The attendant immediately called the owner of the station, who in turn checked out the register and discovered the shortage before anyone else had any opportunity to remove anything from the register. The law is clear in Indiana that the trier of fact may draw reasonable inferences from the facts submitted by the State. From the foregoing facts the court could infer that the appellant removed the money from the cash drawer. This Court will not weigh that evidence in order to reverse the trial court. *Hilligoss* v. *State* (1970), 253 Ind. 443, 20 Ind. Dec. 207, 255 N. E. 2d 101.

Appellant cites the case of *Easton* v. *State* (1967), 248 Ind. 338, 11 Ind. Dec. 34, 228 N. E. 2d 6 for the proposition that mere opportunity to commit the crime alleged is not sufficient to overcome the State's burden of proof. We are in accord with the statements made in *Easton;*

however, in that case the evidence disclosed that Easton was found seated in an apartment where he was well known; that the lock had been broken on the door. There was evidence that it was Easton who had broken the lock, but there was no evidence in the record that anything had been stolen or that there was any intent to steal anything. The conviction for burglary was, therefore, reversed. We see no parallel with the facts in the *Easton* case with those in the case at bar.

Lastly, appellant alleges the State failed in its burden of proof; it did not account for $53.32 which was missing from the cash register; that there was never any proof that this money was found in appellant's possession. Here again under the above cited authorities the fact that appellant was in the room alone at a time the evidence shows the cash register was opened and the fact that immediately thereafter the money was missing is sufficient upon which the trier of fact could find appellant had taken the money. The fact that money was not recovered where, as here, the defendant had every opportunity to dispose of the money in no way requires us to reverse his conviction.

The trial court is in all things affirmed.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., dissents with statement.

JACKSON, J.—I dissent. The evidence is circumstantial and proves only that appellant had the opportunity to commit the crime charged. In my opinion the permissible inferences do not overcome the presumption of innocence which clothed the appellant at the trial. This Court has long held that opportunity alone is not sufficient to sustain a conviction. *Osbon* v. *State* (1938), 213 Ind. 413, 13 N. E. 2d 223.

NOTE.—Reported in 257 N. E. 2d 667.