KINDRED *v.* STATE OF INDIANA.

[No. 369S45. Filed May 8, 1970. No petition for rehearing filed.]

*Ralph M. Foley, Foley & Foley*, Martinsville, for appellant.

*Theodore L. Sendak*, Attorney General, *William F. Thompson*, Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of uttering a forged instrument. Upon a plea of not guilty, trial was had by court. The appellant was found guilty as charged and was sentenced to the Indiana State Reformatory for a period of not less than two nor more than 14 years and fined $50 and costs.

The evidence in the case discloses that Joan Kindred, appellant's estranged wife, wrote a check on March 15, 1968, in the amount of $72 purportedly payable to one John Lawson and purportedly drawn by one Stephen Ferran upon the Indiana Bank & Trust Company of Martinsville, Indiana. She testified that she gave the check to the appellant. Appellant's wife testified that she only did the writing on the front of the check and had no knowledge of the writing on the back.

A Bill Collier testified that he was the manager of the Martinsville IGA Foodliner and identified the check in question as one which was cashed in their store, and that it was run through a "regiscope," which takes a picture of the check

and also of the person cashing the check. State's Exhibit 1 was identified and placed in evidence as the check in question. State's Exhibit 2 was identified as the picture taken in the IGA Store supposedly at the time the check was cashed. However, an objection by the defendant to the admission of this Exhibit was sustained by the court for the reason that the manager could not state who operated the machine at the time the picture was taken, or the date the picture was taken. He further testified that he did not know who presented the check for payment.

One Herschel Lane, a cab driver in Martinsville, testified that on the 29th day of March, 1968, he hauled the defendant to the IGA Store in Martinsville. The defendant entered the store, returned shortly without any groceries, was returned by the cab driver to his home, where the driver was paid by the appellant with a $10 bill.

The above constitutes all of the evidence which in any way tended to connect the appellant with the alleged crime. The State without question established by the testimony of Mrs. Kindred that the instrument was forged. The State also established that the check was given to James Kindred. However, there is no evidence that it was James Kindred who presented the check at the IGA Store. All we know from the testimony of the manager is that someone presented the check on an undetermined date to an undetermined cashier. We also know from the evidence that fourteen days after the date appearing on the check the appellant was taken to the IGA Store in a taxi. The record is completely devoid of any evidence that James Kindred ever presented the forged instrument to anyone.

This Court has recognized that the trier of fact is entitled to draw an inference from the facts presented. *Shutt* v. *State* (1954), 233 Ind. 169, 117 N. E. 2d 892.

We cannot say as a matter of law that the trier of fact was entitled to draw an inference of guilt where as here the

only evidence concerning the appellant is that at one time his wife gave him a forged instrument which was eventually presented by someone.

In order to prove uttering the State had to establish beyond a reasonable doubt that appellant offered the forged instrument knowing it to be such, with a representation that it was genuine and that in doing so he had an intent to defraud. *Scruggs* v. *State* (1969), 252 Ind. 249, 17 Ind. Dec. 427, 247 N. E. 2d 213; *Gennaitte* v. *State* (1963), 243 Ind. 532, 1 Ind. Dec. 136, 188 N. E. 2d 412.

In the State's brief it is claimed that in the absence of an explanation by appellant of his possession of the check the court was entitled to find that he was the person who presented the check for payment.

The State had the burden of proof to establish a prima facie case. This burden never shifts to the defendant. *Smith* v. *State* (1969), 252 Ind. 425, 18 Ind. Dec. 189, 249 N. E. 2d 493.

We find no evidence in this cause to establish the appellant's guilt beyond a reasonable doubt.

The trial court is, therefore, reversed with instructions to grant appellant's motion for new trial.

Hunter, C.J., Arterburn, DeBruler and Jacksron, JJ., concur.

NOTE.—Reported in 257 N. E. 2d 667.