JAMES W. BULLITT *v.* STATE OF INDIANA.

[No. 2-873A185. Filed August 29, 1974.]

*Richard L. Milan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—This is an appeal by Defendant-Appellant James W. Bullitt (Bullitt) from a jury conviction of theft, claiming identification testimony was tainted by an overly suggestive pre-trial photographic display, and insufficient evidence to convict.

We affirm.

## FACTS

The facts and evidence most favorable to the State are:

On April 1, 1972, Bullitt entered Schamberg's ladies apparel store in Indianapolis shortly before the store's five o'clock closing hour. The store manager, Joseph Stanford, while waiting on a customer, observed Bullitt enter and walk to the rear of the store in the direction of an unattended office which contained the store's safe.

Immediately prior to Bullitt's entry, two days' receipts, consisting of $1,285.90 in cash, had been placed in the safe by the store's bookkeeper who thereafter left the office to help at the sales counter. The safe was left closed but not locked.

Stanford's attention was temporarily diverted, but about two minutes later he again saw Bullitt walking rapidly from the rear of the store and out the front door (which was the only entrance to the store).

Several minutes after Bullitt made his exit, the bookkeeper returned to the office, opened the safe and discovered the receipts were missing. Both Stanford and the bookkeeper testified that no employee had entered the office during this brief interval.

Stanford immediately summoned the police, who arrived shortly thereafter and retrieved latent fingerprints from the safe handle. At trial, these fingerprints were identified as Bullitt's.

Stanford positively identified Bullitt at trial, recalling in detail the clothing Bullitt wore on the day of the theft.

On cross examination, Stanford stated that two days after the incident he identified Bullitt from a single photograph which was displayed to him by police. No objection or motion to strike was made regarding Stanford's identification testimony; nor did Bullitt move to suppress such testimony before trial on the ground that this photographic display was overly suggestive.

The jury found Bullitt guilty of theft, and he was thereafter sentenced by the trial court to one to ten years imprisonment.

## ISSUES

ISSUE ONE.

> Was Stanford's in-court identification tainted by an improper pre-trial photographic display by police?

ISSUE TWO.

Was the circumstantial evidence sufficient to prove Bullitt committed the theft?

As to ISSUE ONE, Bullitt contends that Stanford's in-court identification was tainted by the display of a single photograph by police and that no independent basis exists to support the testimony apart from the display.

The State replies that, assuming the impropriety of the photographic display, the evidence adequately provided an independent factual basis for Stanford's identification.

As to ISSUE TWO, Bullitt does not specifically point to any element of theft which the State failed to prove. Instead, he maintains the evidence placing him in the store at the time the theft was shown to have been committed, and his latent fingerprints on the safe, demonstrated no more than an opportunity to commit theft.

The State simply points to the evidence.

DECISION

ISSUE ONE.

CONCLUSION—It is our opinion that Stanford's identification testimony was supported by an adequate independent factual basis and was not tainted by the single photograph pre-trial.

Initially we observe that Bullitt did not move to suppress Stanford's testimony and did not object to it at trial. Thus, any question of the tainting effect of the identification procedures used by police was not properly preserved for appeal. *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133; *Zupp* v. *State* (1972), 258 Ind. 625, 283 N.E.2d 540.

Bullitt would be no better off had the question been preserved. A recent statement by our Supreme Court shows why:

"The facts presented here indicate that *this use of a single photograph was indeed suggestive of the identity* of the defendant. That in itself, however, does not dictate that the conviction must be reversed. The rule in such situations is clear that *when it is apparent from the circumstances of the case that there existed a sufficient basis, independent of the photograph, for the identification of the defendant then the verdict will not be disturbed.*" "*Wilson* v. *State* (1970), 253 Ind. 585, 255 N.E.2d 817; *United States* v. *Cook*, 464 F.2d 251 (8th Cir. 1972)."

"Among those circumstances which should be investigated to determine if there is a sufficient independent origin for the identification are the *'length of time* the witness was in the presence of the perpetrator, the *distance of the witness* from him, the lighting conditions at the time, capacity for observation by the witness, *opportunity to observe particular characteristics of the criminal.'* " "*Dillard* v. *State* (1971), 257 Ind. 282, 274 N.E.2d 387." (emphasis supplied) *Emerson* v. *State* (1972), 259 Ind. 399, 287 N.E.2d 867 at 870.

*See also,*
*Sawyer* v. *State* (1973), 260 Ind. 597, 298 N.E.2d 440; *Boys* v. *State* (1973), 261 Ind. 413, 304 N.E.2d 789; *Carpenter* v. *State* (1974), 159 Ind. App. 373, 307 N.E.2d 109; *Lawson* v. *State* (1974), 159 Ind. App. 216, 306 N.E.2d 150.

The "sufficient basis, independent of the photograph" is present here. Stanford observed Bullitt over a period of time both entering and leaving the store. He recalled in detail Bullitt's wearing apparel and his hasty departure from the store.

ISSUE TWO.

CONCLUSION—It is our opinion that the evidence was sufficient to sustain Bullitt's conviction of theft.

In this State an eyewitness account of a felonious taking of property is not a prerequisite to proof of theft. Conviction may rest entirely upon circumstantial evidence. *Stallings* v. *State* (1967), 249 Ind. 110, 231 N.E.2d 29; *Schooler* v. *State* (1966), 247 Ind. 624, 218 N.E.2d 135; rehearing denied, 220 N.E.2d 344.

In an analogous case our Supreme Court said:

> "It is true that there is no direct evidence in the record that anyone actually saw the appellant remove any cash from the cash register; however, as above pointed out, the State's evidence is that the appellant was the only person in the station at a time when a no sale registration was made on the register. The attendant immediately called the owner of the station, who in turn checked out the register and discovered the shortage before anyone else had any opportunity to remove anything from the register. The law is clear in Indiana that the trier of fact may draw reasonable inferences from the facts submitted by the State. *From the foregoing facts the court could infer that the appellant removed the money from the cash drawer.* This Court will not weigh that evidence in order to reverse the trial court. *Hilligoss* v. *State* (1970), 253 Ind. 443, 20 Ind. Dec. 207, 255 N.E.2d 101."

\* \* \*

> *"The fact that appellant was in the room alone at a time the evidence shows the cash register was opened and the fact that immediately thereafter the money was missing is sufficient upon which the trier of fact could find appellant had taken the money."* (emphasis supplied) *Kindred* v. *State* (1970), 254 Ind. 73 at 75-76, 257 N.E.2d 667 at 668.

An adequate circumstantial showing of guilt is as easily found in this case as in *Kindred*. Stanford's observations, combined with Bullitt's telltale fingerprints on the safe, placed him in the office at the exact time when the store's receipts were taken. This was a sound and reasonable basis upon which the jury could infer that Bullitt was the thief.[1]

The evidence being sufficient, Bullitt's conviction must stand.

Affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 315 N.E.2d 747.

---

1. The facts here are distinguishable from *Nichols* v. *State* (1973), 157 Ind. App. 605, 301 N.E.2d 246, in which the defendant's fingerprints were found on the safe, but he was *not* seen in or about the premises.