JAMES H. KINDRED *v.* STATE OF INDIANA.

[No. 1-1176A220. Filed July 25, 1977. Rehearing denied September 9, 1977. Transfer denied December 27, 1977.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Stephen W. Dillon,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles D. Rodgers,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—Appellant James H. Kindred brings this appeal from a denial of his motion to correct errors following a denial of his petition for post-conviction relief under Post Conviction Remedy Rule 1.

We affirm.

The first issue argued in Kindred's brief concerns the denial of his petition without a hearing by the trial court. However, this issue was not cited in his Motion to Correct Errors and is therefore waived. TR. 59 (G) ; *Boles* v. *State* (1975), 163 Ind. App. 196, 322 N.E.2d 722.

Kindred also argues that the trial court's judgment in overruling his motion for post-conviction relief was contrary to law in that his guilty pleas were not knowingly, voluntarily,

and intelligently entered after proper advisement of his constitutional rights and a waiver of those rights. This contention is based upon IC 1971, 35-4.1-1-3 and 35-4.1-1-4 which outline the procedure to be followed by the trial court when accepting a plea of guilty. The effective date of these two statutes was in July of 1973, which date precedes the guilty pleas entered in this case by approximately 4 months.

The first statute above places a burden on the trial court to determine, before a guilty plea is accepted, that the defendant understands (1) the nature of the charges against him; (2) that he is admitting the truth of the charges contained in the indictment and that judgment and sentencing will follow; (3) he is waiving certain specified constitutional rights; (4) the nature of the sentences which may be imposed, including consecutive sentences; and (5) that the court is not bound by any plea bargain. The latter statute requires the court to personally address the defendant to determine if the plea is voluntary and if a factual basis for a guilty plea exists.

Kindred, in his post-conviction petition for relief, in his motion to correct errors, and in his brief, has pointed out no facts which would suggest that his guilty pleas were not voluntary or that he was not advised, pursuant to IC 1971, 35-4.1-1-3, that he was waiving his constitutional rights. His petition merely contains general allegations that the record is "silent" as to any advisement or waiver of his rights, and that the procedure in IC 1971, 35-4.1-1-3 was not followed. His motion to correct errors and the statement of facts filed with the motion only generally allege that the denial of the petition was contrary to law. Nowhere is a specification of defects to be found, and nowhere is a statement of the prejudice or harm resulting from such defects to be found. Furthermore, the transcript of the proceedings in which his guilty pleas were accepted totally refutes any inference that the pleas were not voluntary, that he was not advised of the waiver of his rights,

or that he did not acknowledge that waiver. The entire thrust of his argument centers upon the contention that a portion of the advisement as to his constitutional rights was conducted by his defense attorney, rather than by the trial judge, in violation of 35-4.1-1-3.

Kindred was originally charged in Morgan County with assault and battery with intent to kill and was allowed a change of venue to Owen County. Additional charges of carrying a pistol without a license, commission of a felony while armed, and jailbreaking were also filed against him. Although Kindred wished to represent himself, the trial court persuaded him to accept legal counsel and subsequently appointed an attorney to represent him. Trial was originally set for October 16, 1973, but was continued on the State's motion until December 3, 1973. It was on this date, just prior to voir dire, that Kindred withdrew his pleas of not guilty and, pursuant to a plea bargain with the prosecutor, entered pleas of guilty to three charges, with one charge being dismissed.

The record of proceedings on December 3 shows that the trial court removed the prospective jurors from the court room in order to allow preliminary motions by a trial counsel. At this time, Kindred's defense attorney placed Kindred on the witness stand for questioning and established on the record that Kindred was satisfied with his legal representation and did not wish his counsel to withdraw.[1] Upon conclusion of this testimony, defense counsel moved to withdraw the not guilty pleas and enter pleas of guilty to three charges, all pursuant to a plea bargain arrangement with the prosecutor (the details of this bargain were explained to the judge at this time). In response, the judge stated that he would take the motion under advisement, pending further testimony by Kindred:

"All right. I'd like to hear from the Defendant concerning the voluntariness and his knowledge concerning the matter

---

1. Kindred had earlier expressed dissatisfaction with his court appointed attorney.

of which counsel has proposed to Court, and I'll take all of the, action on all these under advisement until that's done."

As Kindred was still on the witness stand, his attorney proceeded to question him, on the record, as to the voluntariness of his confession and his understanding and waiver of his rights. Following this colloquy, the trial judge questioned Kindred on his education and established that Kindred was a high school graduate and had completed 18 credit hours at Indiana University. From Kindred's testimony, the judge concluded that the pleas were indeed voluntary and requested testimony from the State's witnesses to establish the factual basis of the charges. The State then presented two witnesses who testified to the facts behind all charges. After each witness, the trial judge personally asked Kindred if the facts as stated by the witnesses were true, and whether Kindred did indeed commit the crimes charged. Kindred replied affirmatively to all questions. The judge then questioned him as to his understanding that under the plea bargain, his sentence for jailbreaking would be served consecutively and not concurrently. Kindred acknowledged his understanding of that fact. He further acknowledged that his attorney had thoroughly counseled him in that regard and that this factor did not alter his intent to plead guilty. The judge again advised him that he was giving up his right to confront the witnesses against him in open court and that a jury was waiting outside if he chose to withdraw his guilty pleas. Kindred acknowledged his waiver of these rights and acknowledged that his guilty pleas were entered voluntarily after explanation of all alternatives. In conclusion, the prosecutor asked if Kindred was aware that he had the right to subpoena his own witnesses, and that he was waiving this right, to which Kindred answered affirmatively.

From a reading of the testimony preserved in the record, it is clear that the advisement of rights and waiver of those

rights as required by IC 1971, 35-4.1-1-3 was performed, but that it was performed in part by Kindred's defense attorney and in part by the trial judge. The question which arises from this situation is whether the failure of the trial court to personally perform each and every adivsement under that statute is necessarily reversible error where the record clearly shows that those advisements which were omitted by the judge were covered by trial counsel.

The only case specifically addressing this question is the recent case of *Ewing* v. *State* (1976), 171 Ind. App. 593, 358 N.E.2d 204, in which Judge Garrard held that such an error will not occasion automatic reversal. In that case the record showed that it was the prosecutor rather than the trial judge who performed the function of advising the defendant of his rights. The reasoning upon which the affirmance in *Ewing* was based is two-fold. In the first instance, it was never shown by the defendant that any prejudice or harm occurred or could have occurred from the alleged transgression. It was undisputed that the defendant in that case was in fact fully advised of his rights at the time of the entering of his guilty plea. Further, it was not a situation in which this Court on appeal was faced with a record that was silent as to any advisements given or in which the trial court merely relied upon the assurances of counsel that previous advisements had been given. Therefore, the legislative mandate of the statute had been carried out and the defendant had failed to carry his burden of showing prejudicial error. Secondly, the court felt that its administrative function of controlling the procedure of trial courts and insuring that compliance with statutory directives is maintained, would not be jeopardized by a failure to reverse this case for what may have been a rather technical procedural error.

We agree with the holding in *Ewing* that the procedure at issue here does not necessarily require reversal. It is the purpose of this statute to insure that a defendant, at the

time of entering his plea of guilty, is fully informed of his rights and makes a responsible waiver of those rights and that a proper record is made of the proceedings to assure fair and efficient review by an appellant court in accordance with the mandates of the United States Supreme Court and the Indiana Supreme Court. Where the purpose and intent of a statutory mandate are satisfied, this court will not reverse for mere technical procedural errors unless the defendant can show that he was harmed or prejudiced by such errors. To hold otherwise would be to ignore the purpose behind the statute and to exalt procedural perfection over statutory compliance.[2]

In *Williams* v. *State* (1975), 263 Ind. 165, 325 N.E.2d 827 our Supreme Court explicitly refused to adopt a rigid rule which would require that the trial judge, and only the trial judge, advise a defendant of his rights:

> "We conclude that *Boykin* [*Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274] was concerned primarily with *what* the record must show and not *who* must make the record. Of course, there can be no doubt that the trial judge should as a matter of practice inform the defendant of the rights enumerated in *Boykin*, regardless of other evidence showing that defendant was advised of his rights. But such a rule, however desirable, is not constitutionally mandated, and we decline to create such a requirement as a matter of state law." (Emphasis in original). 325 N.E.2d at 832.

The import of that decision is that it is mandatory that the defendant be advised of his rights at the time he enters his guilty plea, and it is the responsibility of the trial court to preserve a record of that advisement which is sufficient for appellate review. This rule was again reiterated in the recent case of *Maleck* v. *State* (1976), 265 Ind. 604, 358 N.E.2d 116.

2. We are of the opinion that this case, as well as *Ewing, supra,* is distinguishable from *Norfrey* v. *State* (1976), 171 Ind. App. 590, 358 N.E.2d 202, because of the lack of the record in *Norfrey* showing the trial judge's cognizance that the guilty plea was knowingly and intelligently offered.

"In any event, we now hold it necessary for the trial judge to fully advise a defendant of his rights at the time a guilty plea is tendered, *or have a record before him which demonstrates a full advisement.*" (Emphasis added). 358 N.E.2d at 118.

We feel that the enactment of IC 1971, 35-4.1-1-3 was intended to codify the above standard rather than alter it. There is nothing in the language of 35-4.1-1-3 itself which would require a reversal merely because the trial judge did not personally perform each and every step in the advisement procedure. In contrast, the following section, 35-4.1-1-4, which deals with the determination of voluntariness of a guilty plea, explicitly requires that the trial judge "personally" address the defendant before accepting the plea. This further suggests that it is only the determination of voluntariness, and not the advisement of rights, that is a strictly non-delegable duty of the trial judge.

In his brief, Kindred suggests that the following portion of a footnote in *Williams* should be interpreted as requiring only personal advisement by the trial judge under 35-4.1-1-3:

If this statutory standard [35-4.1-1-3] had been applicable at the time of petitioner's pleas, *and if the record was identical to the one before us,* petitioners would undoubtedly have presented a solid case for post-conviction relief." (Emphasis added). 325 N.E.2d at 835.

However, the facts of that case reveal that the record made at the time of the entry of the guilty pleas was not sufficient to show compliance with the statute and for that reason the case would have required reversal.

In a post-conviction proceeding, it is well settled that a petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Post conviction Rule 1, § 5; *Roberts* v. *State* (1975), 263 Ind. 53, 324 N.E.2d 265. A trial court ruling denying the petition for post-conviction relief therefore constitutes a negative judgment which will not be set aside on appeal

unless the evidence is without conflict and leads unerringly to a result contrary to that reached by the trial court. *Roberts* v. *State, supra; Johnson* v. *State* (1974), 262 Ind. 183, 313 N.E.2d 542. In this appeal, Kindred has failed to specify, either in his motion to correct errors or in his brief, the errors committed by the trial court in accepting his guilty plea, other than the fact that a portion of the advisement of his rights was performed by his defense attorney in open court at the time of the entry of his pleas. Kindred has neither alleged nor proved that he was not in fact advised of his rights at the time he entered his pleas. He has neither alleged nor shown any evidence whatsoever which would imply that the pleas were not voluntarily and intelligently made. He has shown no harm or prejudice from the failure of the trial judge to personally inform him of his rights. From this it can only be concluded that Kindred has failed to carry his burden of proof on appeal and the judgment of the trial court must therefore be affirmed.

Affirmed.

Lowdermilk, J., concurs; Hoffman, J., (participating by designation), concurs.

NOTE.—Reported at 365 N.E.2d 776.