Jack MORLAN, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 75A03–9012–PC–550.

Court of Appeals of Indiana, Third District.

July 15, 1991.

Susan K. Carpenter, Public Defender, Richard Denning, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

HOFFMAN, Judge.

Appellant-petitioner Jack Morlan appeals the trial court's summary denial of his second post-conviction relief petition.

Petitioner was convicted of attempted murder after trial by jury in March 1980. Petitioner's conviction was affirmed by the Indiana Supreme Court on December 23, 1981. *Morlan v. State* (1981), Ind., 429 N.E.2d 240.

Petitioner's first post-conviction relief petition was denied after a hearing on May 18, 1983. The Indiana Supreme Court affirmed this denial on April 30, 1986. *Morlan v. State* (1986), Ind., 491 N.E.2d 1001.

On August 1, 1990, petitioner filed a pro se successive post-conviction relief petition. The trial court denied the motion without a hearing on September 4, 1990.

Petitioner raises one issue for review: whether the petitioner was denied meaningful assistance of counsel.

Petitioner claims that when he filed his successive petition for post-conviction relief with an affidavit of indigency attached, the trial court should have forwarded the petition to the State Public Defender's office. Petitioner cites Ind. Post–Conviction Rule 1, § 12(c) and (d)[1] which read:

"(c) The State shall answer the Petition as provided in Section 4, supra. If the State fails to answer within thirty (30) days or within any further reasonable time the court may fix, or the State in its answer fails to raise the defense of prior adjudication or abuse of the post-conviction process, the court shall refer the petition, if an affidavit of indigency is attached and the court finds that the petitioner is indigent, to the State Public Defender for proceedings pursuant to Sections 1 through 7, supra, of this Rule. (d) If the State's answer affirmatively pleads prior adjudication or abuse of the post-conviction process, the court shall appoint the State Public Defender to represent the petitioner and assist the petitioner in replying to the State's answer."

Petitioner argues that the trial court did not find his petition to be frivolous under Ind. Post–Conviction Rule 1, § 12(b) and therefore, his petition had to be sent to the State Public Defender's office pursuant to P–C.R. 1, § 12(c) and (d) before proceeding further. P–C.R. 1, § 12(b) states that if the court finds that the issues raised in a successive petition are frivolous, then the petition may be dismissed. This rule defines frivolous as being "foreclosed by statute, rule, or authoritative court decision and failing to raise a reasonable challenge to the prior decision or statute or rule, or lacking a reasonable factual basis in the record." *Id.*

The trial court had ample reason to deny the petitioner's successive petition. The trial court found that the petition was repetitive in that it did not raise any new grounds for the trial court's determination. The trial court further found that the issues could have been and should have been raised on direct appeal or in the first post-conviction relief petition.

The successive petition raised one issue for review: whether petitioner was denied effective assistance of trial counsel. This issue was raised in the first petition for post-conviction relief and decided adversely to petitioner. Although petitioner is now alleging two different grounds of ineffective assistance of counsel, these grounds could have been and should have been raised in his first petition. *Tillman v. State* (1987), Ind., 511 N.E.2d 447. In fact, the successive petition for post-conviction relief itself warns that the petition can be dismissed if no new grounds are raised or if the grounds could have been raised in a previous petition.

Petitioner is clearly foreclosed from reasserting his claim of ineffective assistance of counsel since this claim was determined previously in the authoritative court decision denying him post-conviction relief. Furthermore, he is foreclosed by the post-conviction rules from raising new grounds of ineffective assistance of counsel that he did not make but should have made in his previous petition for post-conviction relief. Ind. Post–Conviction Rule 1, § 8 provides

---

1. This rule was amended December 10, 1990, effective January 1, 1991.

that any ground finally adjudicated or a failure to assert all grounds available to a petitioner in the original petition will result in a waiver of the issues in a subsequent petition. *Clay v. State* (1989), Ind.App., 533 N.E.2d 1270. Therefore, the trial court did not err in summarily denying petitioner's successive petition.

Affirmed.

GARRARD and STATON, JJ., concur.