**James H. KINDRED, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 67A01–9607–PC–217.

Court of Appeals of Indiana.

Dec. 12, 1996.

Rehearing Denied April 22, 1997.

---

James H. Kindred, Pendleton, pro se.

Pamela Carter, Attorney General of Indiana, Randi F. Elfenbaum, Deputy Attor-ney General, Indianapolis, for appellee-respondent.

**BAKER, Judge.**

Once again, we consider the availability of the post-conviction relief process as a tool for continued attacks on a criminal conviction. Eleven years ago, appellant-defendant James H. Kindred was convicted of Theft,[1] a Class D felony, and Forgery,[2] a Class C felony. After unsuccessfully raising numerous issues for review on direct appeal and in his first petition for post-conviction relief, Kindred now challenges the post-conviction court's summary denial of his successive petition. In particular, Kindred argues that the post-conviction court erred by: (1) permitting the State to be represented by a prosecuting attorney from a judicial circuit other than the circuit in which the post-conviction court is located; (2) summarily denying his successive petition for post-conviction relief; and (3) denying his motion for partial summary disposition on his allegedly erroneous sentence.

## FACTS

On January 7, 1985, Kindred was convicted of forgery, a class C felony, and theft, a class D felony, and adjudicated an Habitual Offender.[3] On direct appeal, our supreme court affirmed Kindred's convictions, stating the facts as follows:

> In February 1984, the defendant was employed to perform legal research in the Martinsville office of attorney Joseph Barker. The defendant stole bank checks from Barker's office. The defendant made one of the checks payable to "Hooser Para Legal Firm/Gary D. Hooser" and forged Barker's signature on the check.

*Kindred v. State,* 540 N.E.2d 1161, 1166 (Ind. 1989).

On October 21, 1994, Kindred filed his first petition for post-conviction relief with the Putnam County court, claiming numerous instances of fundamental error, sentencing error and ineffective ·assistance of appellate counsel. The post-conviction court summari-

---

1. IND.CODE § 35–43–4–2.

2. IND.CODE § 35–43–5–2.

3. IND.CODE § 35–50–2–8.

ly denied his petition on December 30, 1994. Thereafter, on April 17, 1995, Kindred filed a belated praecipe for appeal. However, he did not file his appellate brief in a timely manner and his petition for an extension of time to file his brief was denied by this court on September 27, 1995. On October 8, 1995, Kindred sought permission from this court to file a successive petition for post-conviction relief based on the post-conviction court's failure to conduct an evidentiary hearing and failure to provide notice of his right to appeal following the summary denial of his first petition. This court subsequently granted Kindred permission to file a successive petition for post-conviction relief.

On November 2, 1995, Kindred filed the successive petition with the Putnam County court, alleging the same grounds for relief as in his first petition. Additionally, Kindred moved for partial summary disposition of the petition on the issue of his erroneous sentence. Shortly thereafter, the Morgan County prosecutor filed a response on behalf of the State. On May 3, 1996, the post-conviction court summarily denied Kindred's successive petition for post-conviction relief. This appeal followed.

## DISCUSSION AND DECISION

### I. Prosecuting Attorney

Kindred claims the post-conviction court erred in allowing a prosecutor from Morgan County to represent the State in the post-conviction proceedings in Putnam County. Specifically, Kindred argues that while a Morgan County prosecutor may try a criminal case in Putnam County, the post-conviction rules require a Putnam County prosecutor to represent the State in post-conviction proceedings.

In 1984, Kindred's trial was venued from Morgan County to Putnam County. Pursuant to IND.CODE § 35–36–6–9, which provides that the prosecuting attorney from the original county should continue the prosecution in the county to which the case is venued, the Morgan County prosecutor tried the case in Putnam County. When Kindred filed both of his petitions for post-conviction relief, the Morgan County prosecutor continued to represent the State. However, during the second post-conviction proceedings, Kindred objected to the Morgan County prosecutor's representation of the State and moved to strike the State's response to the successive petition on that basis.

Although Indiana Post–Conviction Rule 1(9)(d) provides that the prosecutor of the circuit in which the court of conviction is situated shall represent the State, the record here reveals that Kindred did not object to the Morgan County prosecutor's representation of the State during the first post-conviction proceedings. Our supreme court has held that when a defendant does not object to an irregularity in the appointment of a court officer, he accepts the appointment and waives the irregularity. *See Bivins v. State,* 485 N.E.2d 89, 92 (Ind.1985) (failure to object to appointment of special judge waived issue on appeal). As a result, by not objecting to the Morgan County prosecutor's representation of the State during the first post-conviction relief proceedings, Kindred has waived this issue on appeal.[4]

Notwithstanding waiver, the trial court did not err by allowing the Morgan County prosecutor to respond to Kindred's petitions. P–C.R.1(9)(d) was enacted to insure that the prosecutor who represented the State during the original criminal proceedings would continue to represent the State during the post-conviction relief process. By employing this procedural mechanism, the rule enables the prosecutor who is the most familiar with the circumstances of the conviction and best able to respond to a post-conviction attack to continue to represent the State. Here, the Morgan County prosecutor

---

4. Kindred claims he only became aware of the Morgan County prosecutor's representation after he filed his successive petition for post-conviction relief. However, the record reveals that the post-conviction court served a copy of Kindred's first petition on the Morgan County prosecutor and the Morgan County prosecutor filed a re-
sponse for the State. Record at 2. Nothing in the record indicates, and Kindred does not claim, that he never received a copy of this response. As a result, Kindred had notice that the Morgan County prosecutor represented the State on his first petition for post-conviction relief.

was properly permitted to continue Kindred's original criminal prosecution after it was transferred to Putnam County. To now interpret P–C.R. 1(9)(d) to prohibit the Morgan County prosecutor from representing the State in subsequent post-conviction proceedings, as Kindred requests, would defeat the purpose of the rule. Further, although the rule provides that the prosecutor of the circuit in which the court of conviction is situated shall represent the State, the rule does not prevent another prosecutor from participating in the post-conviction relief proceedings.[5] Under these circumstances, we cannot say the trial court erred by permitting the Morgan County prosecutor to respond to Kindred's petition for post-conviction relief.[6]

## II. Summary Denial of Successive Petition for Post–Conviction Relief

Next, Kindred contends the post-conviction court erred by summarily denying his petition for post-conviction relief. Specifically, Kindred argues that material issues of fact existed regarding the claims alleged in his successive petition which required the post-conviction court to hold a hearing on the petition. Generally, the post-conviction rules require a post-conviction court to hold a hearing on a petition. Ind.Post–Conviction Rule 1(5). However, if the pleadings conclusively show that the petitioner is not entitled to relief, the court may deny the petition without further proceedings. Ind.Post–Conviction Rule 4(f).

▆▆▆▆ Here, the record reveals that Kindred is not entitled to relief because he is precluded from raising his claims in a successive petition for post-conviction relief. The postconviction relief process is designed to permit petitioners to raise issues unknown or unavailable at the time of trial or direct appeal. *Holt v. State*, 656 N.E.2d 495, 496 (Ind.Ct.App.1995), *trans. denied.* Under the

---

**5.** Even if we were to conclude that the Morgan County prosecutor improperly participated in the proceedings, Kindred would not be entitled to relief. Reversible error occurs only if prejudice results to the defendant. *Malone v. State*, 660 N.E.2d 619, 623 (Ind.Ct.App.1996), *trans. denied.* Nothing in the record indicates, and Kindred does not argue, that the Morgan County prosecutor had a conflict of interest or possessed privileged information which would have unfairly prejudiced Kindred during the post-conviction relief process. Nevertheless, Kindred claims he suffered prejudice because the trial court would have been required to grant his motion for default judgment, based on the Putnam County prosecutor's failure to respond to his petition in a timely manner, had the trial court not determined that he was required to serve the Morgan County prosecutor with notice of his successive petition. However, this is not the type of prejudice the remedy of default is intended to prevent. *See Hampton v. Douglass*, 457 N.E.2d 618, 619–20 (Ind.Ct.App.1983) (policy behind default is not to award judgment to party on mere technicality, but rather to prevent party from prolonging litigation and harming an opposing party by imposing procedural delays).

**6.** The State also contends that, pursuant to *Wininger v. State*, 526 N.E.2d 1216, 1222 (Ind.Ct. App.1988), *trans. denied.*, Kindred's claim is an impermissible collateral attack on the prosecutor's authority. In *Wininger*, the defendants filed a motion to dismiss their criminal charges on the basis that a special prosecutor was impermissibly trying their case. Another panel of this court stated, however, that the validity of the acts of a public official, including a prosecutor, may only be attacked by a direct challenge against the individual who purports to hold the office and not upon the proceedings in which they are acting. *Id.* Thus, this court held that the defendants could only challenge the authority of the special prosecutor by filing an application for a writ of prohibition with our supreme court. *Id.* Based on this reasoning, the State argues that Kindred was required to file an application for a writ of prohibition, instead of a motion to strike, to challenge the Morgan County prosecutor's response to his post-conviction petition.

Although we acknowledge *Wininger's* holding, we disagree with *Wininger* to the extent that it states that a prosecutor's actions may only be challenged through a writ of prohibition. Prohibition is the process by which our supreme court prevents a trial court from exceeding its jurisdiction in matters over which it has cognizance or usurping matters not within its jurisdiction. BLACKS LAW DICTIONARY 1212 (6th ed. 1990). As a result, an application for a writ of prohibition may only be utilized to challenge the jurisdiction and authority of a court. Ind. Original Action Rule 1(B). Although a party may file an application for a writ of prohibition to challenge the authority of a trial court to appoint a special prosecutor, the prohibition process cannot be utilized solely to challenge the validity of a prosecutor's actions. In the present case, Kindred was challenging the authority of the Morgan County prosecutor, not the authority or jurisdiction of the post-conviction court. Therefore, we do not believe that Kindred should have been required to file a writ of prohibition.

rules of post-conviction relief, a petitioner must raise all available grounds for relief in his original petition and is foreclosed from raising issues on a successive petition which have been finally adjudicated in another proceeding. Ind.Post–Conviction Rule 1(8); *Morlan v. State*, 574 N.E.2d 944, 945–46 (Ind.Ct.App.1991), *trans. denied.*

■ In the present case, the record reveals that Kindred's first petition for post-conviction relief was summarily denied. Although Kindred subsequently attempted to contest this denial, he failed to properly appeal the post-conviction court's decision. He then filed a successive petition for post-conviction relief, alleging the same grounds for relief as contained in his first petition. However, since these issues were finally adjudicated and determined adversely to Kindred in a prior proceeding, he is precluded from raising the same grounds in a successive petition for post-conviction relief. *See Lockert v. State*, 627 N.E.2d 1350, 1353 (Ind.Ct. App.1994) (defendant barred from re-litigating issues which were determined adversely to him on first petition for post-conviction relief).[7] Thus, regardless of whether his petition raised material issues of fact, Kindred was not entitled to relief. The post-conviction court did not err in summarily denying his petition.[8]

■ We also note that, with the exception of a claim of newly discovered evidence, Kindred can no longer challenge his convictions for forgery and theft. As previously mentioned, post-conviction rule 1(8) requires a petitioner to raise all available grounds for relief in his original petition. As a result, all claims of error arising from the trial should be asserted either on direct appeal or in the original petition for post-conviction relief.

■ Here, Kindred claimed numerous instances of fundamental error and ineffective assistance of appellate counsel as grounds for relief in his direct appeal and in his post-conviction petitions, all of which were denied. Further, since Kindred represented himself during the original trial,[9] he is precluded from claiming that his trial counsel was ineffective. Although post-conviction rule 1(8) allows this court to consider grounds for relief in a successive petition which, for sufficient reason, have not been

---

**7.** Kindred also claims that the post-conviction court was required to hold a hearing on his petition because this court stated, in our order granting Kindred permission to file a successive petition for post-conviction relief, that the clerk of the court was "to refer the Petition to the . . . Judge of the Court for a hearing on the issues presented by the Petition." R. at 17. However, we improvidently gave Kindred permission to file a successive petition for post-conviction relief. Although Kindred based his petition for permission to file a successive petition for post-conviction relief on the grounds that he was unaware of the post-conviction court's summary denial of his original petition, the record reveals that Kindred initiated a belated appeal and was granted an extension of time to file the record. Nevertheless, nothing in the record indicates that Kindred proceeded to file his appellate brief. Given that Kindred was afforded an opportunity to appeal the denial of his first petition for post-conviction relief, his claim of lack of notice was disingenuous.

**8.** Additionally, Kindred contends, pursuant to Ind.Post–Conviction Rule 1(6), that the post-conviction court was required to enter findings of fact and conclusions of law in support of its denial of his petition for postconviction relief. However, our supreme court has held that a remand for more specific findings is not neces-

sary if the facts underlying the claims are not in dispute and the issues presented for review are sufficiently clear. *Lowe v. State*, 455 N.E.2d 1126, 1128 (Ind.1983). In the present case, the record clearly demonstrates that Kindred was precluded from raising his claims on his successive petition for post-conviction relief. As a result, the post-conviction court's order denying Kindred's successive petition was sufficient.

**9.** We note that Kindred, otherwise known as the "Master of the Writ Room", is no stranger to Indiana trial and appellate courts. *Kindred v. State*, 514 N.E.2d 314, 318 (Ind.Ct.App.1987). Including the present proceedings, Kindred has brought no less than twelve cases up on appeal. *See, e.g., Kindred v. State*, 639 N.E.2d 286 (Ind. Ct.App.1994); *Kindred v. State*, 524 N.E.2d 279 (Ind.1988); *Kindred v. State*, 521 N.E.2d 320 (Ind.1988); *Kindred v. State*, 514 N.E.2d 314 (Ind.Ct.App.1987); *Kindred v. State*, 493 N.E.2d 467 (Ind.Ct.App.1986); *State ex rel. Kindred v. Morgan Circuit Court*, 455 N.E.2d 328 (Ind. 1983); *Kindred v. State*, 173 Ind.App. 624, 365 N.E.2d 776 (1977); *Kindred v. State*, 172 Ind. App. 645, 362 N.E.2d 168 (1977); *Kindred v. State*, 160 Ind.App. 418, 312 N.E.2d 100 (1974); *Kindred v. State*, 254 Ind. 127, 258 N.E.2d 411 (1970); *Kindred v. State*, 254 Ind. 105, 258 N.E.2d 53 (1970); *Kindred v. State*, 254 Ind. 73, 257 N.E.2d 667 (1970).

asserted or adequately presented in prior proceedings, Kindred has had ample opportunity to raise every possible ground for relief, other than a claim of newly discovered evidence, on direct appeal and in his original petition for post-conviction relief.[10] Therefore, at the conclusion of this appeal, Kindred is precluded from further challenging these convictions.

### III.  Sentence

Finally, Kindred argues that the post-conviction court erred by denying his motion for partial summary disposition on his allegedly erroneous sentence. However, the issue raised in his motion was previously raised in Kindred's original petition for post-conviction relief, which was denied. As previously discussed, Kindred is precluded from raising this issue in his successive petition.

Judgment affirmed.

ROBERTSON and SULLIVAN, JJ., concur.

---

10. For example, Kindred raised forty-seven issues in his direct appeal, *see Kindred,* 540 N.E.2d at 1166, and another ten issues in his first petition for post-conviction relief.  R. at 74–82.