## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Jul 30 2015, 5:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark W. Rutherford
Thrasher Buschmann & Voelkel, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeremy Farris,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

July 30, 2015

Court of Appeals Case No.
67A04-1411-CR-533

Appeal from the Putnam Circuit
Court.
The Honorable Jeffrey V. Boles,
Special Judge.
Cause No. 67C01-0411-FA-120

## Garrard, Senior Judge

[1] Jeremy Farris appeals the post-conviction court's denial of his motion for
partial summary disposition. We affirm.

[2] In August 2005, a jury determined that Farris was guilty of murder, a felony;
battery on a child causing death, a Class A felony; dealing in

methamphetamine, a class B felony; possession of methamphetamine, a class D felony; possession of marijuana, a class A misdemeanor; and possession of paraphernalia, a class A misdemeanor. The State had presented evidence including testimony from Manuwell Ross, who had been incarcerated with Farris after Farris's arrest. Ross described for the jury several incriminating statements by Farris. Ross also testified that the State had not offered him any leniency in exchange for his testimony against Farris. Within a month of testifying against Farris, the State dismissed two criminal cases against Ross and a petition to revoke Ross's probation in a third case.

[3] Farris appealed his convictions. In a memorandum decision, the Court affirmed in part the trial court's judgment but remanded with instructions to vacate the convictions of possession of methamphetamine and battery on a child causing death. Next, Farris filed with the Court a petition for rehearing. The Court granted rehearing but did not change the memorandum decision.

[4] Next, Farris filed a petition for post-conviction relief. He alleged ineffective assistance of trial counsel. He also raised a claim of newly discovered evidence. Specifically, Farris claimed he had discovered that the State had dismissed two cases against Ross and a petition to revoke Ross's probation, and that the dismissals were proof of a deal between the State and Ross that should have been disclosed at trial.

[5] Farris filed a motion for partial disposition, accompanied by a designation of evidence and memorandum of law. He argued, among other claims, that he

was entitled to summary disposition of his claim of newly discovered evidence. The State filed a response, and the post-conviction court denied Farris's motion.

[6] The post-conviction court held an evidentiary hearing on Farris's petition for post-conviction relief. After the hearing, the post-conviction court issued findings of fact and conclusions thereon, denying Farris's petition.[1] This appeal followed.

[7] Farris claims that the post-conviction court should have granted his motion for partial summary disposition because he demonstrated that Ross made a deal with the State for his testimony against Farris. He concludes that the deal is newly discovered evidence that requires a new trial.

[8] The State argues that Farris's claim is moot because the post-conviction court issued a final judgment after denying his motion for partial summary disposition. We disagree with the State and address Farris's claim. *See Kindred v. State*, 674 N.E.2d 570, 576 (Ind. Ct. App. 1996) (addressing the denial of petitioner's motion for partial summary disposition even though the post-conviction court also issued a final judgment on the petition for post-conviction relief), *trans. denied*.

---

[1] Farris did not include the final judgment in his Appellant's Appendix. Instead, he merely attached the final judgment to his Notice of Appeal. Although he purports to appeal the denial of his motion for partial summary disposition rather than the final judgment, we remind Farris that the Appellant's Appendix should contain "parts of the record on appeal that are necessary for the Court to decide the issues presented." Ind. Appellate Rule 50(A)(1).

[9] Indiana Post-Conviction Rule 1(4)(g) provides, in relevant part:

> The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

[10] This appeal turns on whether Farris proved the absence of a genuine issue of material fact as to the existence of a leniency agreement between Ross and the State at the time of Farris's trial. A prosecutor has a duty to disclose to the jury "a confirmed promise of leniency in exchange for testimony." *Rubalcada v. State*, 731 N.E.2d 1015, 1024 (Ind. 2000). When a witness hopes for leniency in exchange for testimony, and the State neither confirms nor denies that hope, there is no concrete agreement requiring disclosure. *Id.* Preliminary discussions are not matters which are subject to mandatory disclosure. *Seketa v. State*, 817 N.E.2d 690, 694 (Ind. Ct. App. 2004).

[11] In this case, the evidence presented to the post-conviction court on summary disposition was as follows. Ross was released from jail to home detention on or shortly after the day he told the sheriff about Farris's incriminating statements. At that time, Ross had two misdemeanor criminal cases pending against him, as well as a petition to revoke probation in a third case. In all three cases, Ross and the State jointly filed status reports with the court indicating that they were discussing plea agreements.

[12] Farris's case proceeded to trial. Ross testified that he did not have any deal with the State for leniency. The jury returned its verdict in August 2005. In September 2005, the State dismissed the two pending cases against Ross and the petition to revoke Ross's probation. The State denied the existence of any leniency agreement with Ross in its post-conviction discovery responses.

[13] This evidence does not establish the absence of a genuine issue of material fact as to the existence of a leniency agreement at the time of Farris's trial. Ross's release to home detention may not necessarily have been related to informing on Farris, and it was Farris's burden to establish a link. The plea negotiations between Ross and the State while his cases were pending appear to have been preliminary discussions rather than confirmed promises. Finally, the mere dismissal of Ross's pending cases after testifying against Farris is insufficient to indisputably establish the existence of a leniency agreement, and the State denied the existence of such an agreement. *See Lambert v. State*, 743 N.E.2d 719, 749 (Ind. 2001) (insufficient proof of a leniency agreement where a witness was released from prison on a sentence modification approved by the State six days after testifying against the defendant).

[14] In *Rubalcada*, our supreme court ruled that

> When a witness hopes for leniency in exchange for his testimony and the State neither confirms nor denies that hope, there is no concrete agreement requiring disclosure. The witness's expectations, coupled with evidence of a deal after the in-court testimony of the witness, are insufficient to require that a disclosure be made.

731 N.E.2d at 1024 (citations omitted).

[15] Thus, as a matter of law, Farris's evidence fails to disclose the existence of a leniency agreement that was required to be disclosed at his trial. Therefore, partial summary disposition was properly denied. For the same reason, Farris's claim of newly discovered evidence fails because the evidence would have no likelihood of changing the result at trial.

[16] For the reasons stated above, we affirm the trial court's judgment.

[17] Affirmed.

Baker, J., and Crone, J., concur.