## BROWN *v.* STATE OF INDIANA.

[No. 29,237.   Filed February 10, 1956.]

*Walter B. Keaton,* of Rushville, *W. L. Woodfill* and *Frank F. Hamilton,* of Greensburg, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

LANDIS, J.—Appellant was convicted in 1931 of first degree murder upon a plea of guilty, and was sentenced to life imprisonment. In 1953 appellant filed writ of error coram nobis, which petition was sustained, his conviction set aside, and a plea of not guilty substituted for a previous plea of guilty.

A jury trial followed, and appellant was again convicted of first degree murder, and sentenced to life imprisonment. Error is assigned upon the denial of his motion for new trial.

Appellant first contends that the record of this cause indicates appellant was insane during the trial before a jury, and that the court erred in failing to apply appropriate sections of the Indiana statutes pertaining to insane defendants in criminal actions.[1]

1. Acts 1951, ch. 238, §1, p. 682, being §9-1704 A, Burns' 1942 Repl. 1953 Cum. Supp.; Acts 1951, ch. 238, §2, p. 682,

Here it appears the prosecuting attorney, prior to appellant's trial by jury, filed a motion to determine the question of appellant's sanity, and thereupon the court appointed Drs. Earl Mericle and E. Rogers Smith of Indianapolis, two eminent psychiatrists, to examine appellant. The examination was conducted August 23, 1952, and in January of 1953 they submitted their report to the court, describing in detail his condition, and concluding as follows, to-wit:

> "He is clearly able to differentiate between right and wrong and fully understands the nature of the charge against him. He is capable of aiding in his own defense.
>
> "We believe that this man is of sound mind at the present time and is suffering from no mental disease."

The record does not indicate, nor does appellant claim on this appeal, that he at any time entered a plea of insanity, nor made a request for re-examination by court-appointed doctors.

The trial began on November 16, 1953, and during the same, appellant moved the court to discharge his court-appointed attorneys, and to be allowed to conduct his own defense. The trial judge, the Honorable John W. Goddard, Judge of the Decatur Circuit Court, while granting said motion of appellant, very properly instructed appellant's counsel to remain in the courtroom and at all times to be available to appellant for advice and consultation if appellant should desire the same.

See: *Sneed, Lockridge v. State* (1955), 235 Ind. 198, 130 N. E. 2d 32. The prisoner, during his previous

---

being §9-1706 A, Burns' 1942 Repl. 1953 Cum. Supp.; Acts 1951, ch. 238, §3, p. 682, being §9-2217 A, Burns' 1942 Repl. 1953 Cum. Supp.

years of imprisonment, had familiarized himself in a limited way with some of the rudiments of a legal education. The State has conceded that the actions of appellant during the course of the trial indicated he was not skilled as an attorney, and that he persisted in bringing extraneous matter into the record. However, it appears this was done by the appellant voluntarily after advice from the court on repeated occasions, cautioning appellant as to his conduct.

The report of the doctors who examined appellant, indicated he had sufficient comprehension to differentiate between right and wrong, and that he understood the nature of the charge against him. The mere fact that he conducted himself in an indiscreet manner, or did not follow the wisest course in prosecuting his defense, cannot be considered as necessarily establishing that he was, in fact, insane. This court in *Goodwin* v. *State* (1884), 96 Ind. 550 said:

> "Where there is mental capacity sufficient to fully comprehend the nature of consequences of an act, and unimpaired willpower strong enough to master an impulse to commit a crime, there is criminal responsibility." See also: *Kallas* v. *State* (1949), 227 Ind. 103, 122, 83 N. E. 2d 769. (Cert. denied) 336 U. S. 940, 93 L. Ed. 1098, 69 S. C. 744.

An examination of the record in this cause discloses that although appellant conducted himself at the trial in a rather unusual and unorthodox manner, he also demonstrated an understanding of the charge against him and of the consequences which he might suffer. When appellant chose to discharge his court-appointed counsel and to conduct his own defense, he necessarily accepted the handicaps that resulted from such self-representation. *State ex rel. Fulton* v. *Schannen* (1946), 224 Ind. 55, 64 N. E. 2d

798; *Blanton* v. *State* (1951), 229 Ind. 701, 98 N. E. 2d 186; *Blanton* v. *State* (1955), 234 Ind. 142, 124 N. E. 2d 382.

There is nothing in the record to indicate a change in appellant's mental condition between the time of his examination by Drs. Mericle and Smith, and his actual trial some fifteen months later; and there is no reason to believe, from an examination of the record, that had the trial court ordered another mental examination of appellant at the time of trial, the results would have been any different from the previous examination. The trial court, therefore, did not abuse its discretion in allowing the cause to be submitted to the jury on the presumption that appellant was sane.

Appellant next contends that it was prejudicial error for the court to allow him to give a rambling account to the jury of the last twenty five years of his life, which allegedly had nothing to do with the case before the jury for consideration.

The record indicates that appellant, while acting as his own counsel, was permitted to relate in narrative fashion many detailed circumstances of his life for many years prior to his arrest on the instant charge. His motive was doubtless to attempt to solicit the sympathies of the jury and in some measure account for his anti-social conduct. If such testimony had any effect on the jury it may well have been prejudicial to the State of Indiana rather than to appellant, and this court cannot say that reversible error was committed against appellant in allowing him to give such testimony. If such be error, it was error invited by appellant, which he cannot now claim as grounds for reversal of this cause. *White* v. *State* (1944), 222 Ind. 423, 54 N. E. 2d 106.

No error has been demonstrated by appellant to have been committed in the court below, but rather it appears that the conduct of the trial by the lower court was eminently fair to the accused, and accorded him his full rights, and he now, therefore, has no just cause for complaint.

Accordingly, the judgment of conviction is affirmed.

Bobbitt, C. J., and Arterburn, Achor and Emmert, JJ., concur.

NOTE.—Reported in 131 N. E. 2d 777.