## MEMORANDUM DECISION

Pursuant to [Ind. Appellate Rule 65(D)](#), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 24 2020, 9:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ryan D. Washburn
Brigitte L. Washburn
Kentland, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew L. McClain II, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 24, 2020 <br><br> Court of Appeals Case No. <br> 20A-CR-449 <br><br> Appeal from the Newton Superior Court <br><br> The Honorable Daniel J. Molter, Judge <br><br> Trial Court Cause No. <br> 56D01-1912-F6-1254 |

**Mathias, Judge.**

[1] Following a jury trial in Newton Superior Court, Matthew L. McClain II ("McClain") was convicted of Level 6 felony intimidation and determined to be

an habitual offender. The trial court sentenced McClain to two and one-half years on the Level 6 felony conviction, to which it added a six-year habitual offender enhancement. McClain appeals and presents two arguments, which we restate as: (1) whether the trial court erred by relying on psychological evaluations of McClain taken in prior cases, and (2) whether the trial court improperly sentenced McClain. Concluding that McClain failed to preserve the first issue and that McClain's sentence is not improper, we affirm.

## Facts and Procedural History

[2] On September 17, 2019, McClain was in the Newton County Jail serving a sentence for his previous conviction for Level 6 felony intimidation. Newton County Jail Commander David Kessler ("Commander Kessler") decided to move McClain from one part of the jail to another. Commander Kessler told McClain about the move, to which McClain replied, "I'm not moving." Tr. p. 29. Anticipating resistance, Commander Kessler requested the assistance of other jail officers. Commander Kessler and two other officers then went back to McClain's cell and again told him that he would have to move. McClain repeatedly said that he would not move. Commander Kessler grabbed McClain by the arm, and he and the two other officers took McClain from the bunk room of his cell to the "day room" of the cell. Tr. p. 16. There, they placed McClain against the wall to handcuff him. They then took McClain to an isolation cell for a few minutes for him to cool off.

[3] Some minutes later, Commander Kessler and the others returned to the isolation cell, where they observed that McClain had been able to move his

cuffed hands from behind his back to his front. They placed McClain near the wall and told him they were going to remove the cuffs. McClain said to Commander Kessler, "You have the blood of my family on your hands and I'm going to cut your head off." Tr. p. 32.

[4] As a result of this incident, the State charged McClain on December 11, 2019, with Level 6 felony intimidation and also alleged that McClain was an habitual offender. At the initial hearing set on December 30, 2019, the trial court advised McClain of his constitutional rights and the nature of the charges against him. In the court's order entered following the initial hearing, the court noted:

> The Defendant enters a plea of not guilty and advises the Court [that] *counsel stipulate to the psychological reports submitted to the Court under a separate cause deeming the Defendant competent to stand trial.* The Court having been so advised orders the psychological reports made part of the record, marking same as confidential[] and sets this cause for trial with intervention of jury commencing January 27, 2020 at 10:00 A.M., at which time the Defendant is ordered to appear.

Appellant's App. p. 16 (emphasis added).

[5] A jury trial was held on January 27, 2020. McClain did not argue that he was incompetent to stand trial, nor did he claim that he was not guilty by reason of insanity. The jury found him guilty as charged and determined that he was an habitual offender. At the sentencing hearing, McClain's counsel stated:

> Judge, I would like to direct the Court's attention to the issue that's been raised regarding Mr. McClain's mental health, understandably *that doctors have determined he's competent, he's*

*competent to stand trial and that he was not insane at the time of the offense.* But clearly there are some underlying mental health issues. Maybe not so much rising to where it would affect his ability to understand what is going on but doctors did indicate that there are some underlying diagnoses and some issues with that. Your Honor, it is my understanding, my belief that this instant proceeding, along with his former proceedings are [] someway related to the mental health aspect. . . . I would ask that the Court consider the alternatives, consider the fact that some mental health treatment would be beneficial to Mr. McClain and ask that the Court sentence on the lighter end of the sentencing spectrum to allow Mr. McClain to pay for the crime that he committed but then also be able to seek some form of mental health treatment.

Tr p. 63. At the conclusion of the hearing, the trial court sentenced McClain to the maximum sentence of two and one-half years, to which it added a six-year habitual offender enhancement, for an aggregate sentence of eight and one-half years. McClain now appeals.

## I. Prior Psychological Evaluations

[6] McClain first argues that the trial court improperly relied on psychological evaluations that were performed in late 2018 and early 2019 to determine that McClain was competent to stand trial and was not insane at the time of the offense.

[7] McClain appears to conflate the issue of competency to stand trial with the defense of insanity. The former addresses the question of "whether the defendant 'has sufficient present ability to consult with defense counsel with a reasonable degree of rational understanding, and whether the defendant has a

rational as well as a factual understanding of the proceedings against him.'"
*Gross v. State*, 41 N.E.3d 1043, 1047 (Ind. Ct. App. 2015) (quoting *State v. Davis*, 898 N.E.2d 281, 285 (Ind. 2008)). The latter addresses the question of whether the defendant suffers from a mental illness that rendered him unable to appreciate the wrongfulness of his conduct at the time of the offense. *Galloway v. State*, 938 N.E.2d 699, 708 (Ind. 2010) (citing Ind. Code § 35-41-3-6(a)). These are two separate inquiries, and a defendant may be competent to stand trial but be not guilty by reason of insanity; conversely, a defendant may have been sane at the time of the offense but incompetent to stand trial. With this in mind, we address McClain's arguments.

[8] McClain argues that the trial court erred in relying on the reports of the previous psychological evaluations to determine his ability to understand his actions at the time of the offense. McClain, however, did not present an insanity defense at trial. "Indiana has long held that a defendant may not submit evidence relating to mental disease or defect except through an insanity defense." *Marley v. State*, 747 N.E.2d 1123, 1128 (Ind. 2001). A felony defendant who intends to interpose a defense of insanity must file a notice of that intent with the trial court no later than twenty days before the omnibus date. Ind. Code § 35-36-2-1(1).[1] Here, there is no indication that McClain ever filed any such notice, nor did he argue insanity at trial. In fact, as noted above,

---

[1] "However, in the interest of justice and upon a showing of good cause, the court may permit the filing to be made at any time before commencement of the trial." *Id.*

his trial counsel admitted at sentencing that McClain was *not* insane at the time the offense was committed. Accordingly, we cannot say that the trial court erred in relying on the prior psychological evaluations when considering the issue of McClain's sanity because McClain did not present an insanity defense.

[9] McClain also argues that the trial court erred in relying on the reports of the prior psychological evaluations to determine his fitness to stand trial. Again, there is no indication that McClain ever claimed to the trial court that he was incompetent to stand trial. To the contrary, McClain's own defense counsel stipulated that the previous psychological evaluations established that McClain was competent to stand trial—a position defense counsel reiterated at sentencing. Appellant's App. p. 16; Tr. p. 63. At the very least, McClain has waived his claim that he was incompetent to stand trial by failing to present this claim to the trial court. *See McManus v. State*, 814 N.E.2d 253, 260 (Ind. 2004) ("[A]lleged errors in determination of competency are subject to the usual rules of appellate review, and are waived if the defendant proceeds to trial without objection."); *Stolarz v. State*, 445 N.E.2d 114, 117 (Ind. Ct. App. 1983) (holding that defendant waived issue of competency where he made no motion regarding his competency and the trial court was not otherwise appraised of the issue).

[10] Furthermore, by stipulating to the reports, McClain's counsel invited any error in the trial court's reliance thereon. It is well settled that a party may not take advantage of an error that he invites. *Hall v. State*, 137 N.E.3d 279, 284 (Ind. Ct. App. 2019) (citing *Brewington v. State*, 7 N.E.3d 946, 975 (Ind. 2014)); *see also Durden v. State*, 99 N.E.3d 645, 651 (Ind. 2018) (holding that invited error

forbids a party from "taking advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct"). Because McClain invited any error in the trial court's reliance on the prior psychological evaluations, he cannot now take advantage of this alleged error.

## II.  *Sentencing*

McClain also argues that the trial court abused its discretion in sentencing him and that his eight-and-one-half-year sentence is inappropriate. As these are distinct arguments, we address them separately.

### A.  *Abuse of Discretion*

As we summarized in *Grimes v. State*:

> Sentencing decisions are within the purview of the trial court's sound discretion and are reviewed on appeal only for an abuse of discretion. An abuse of discretion occurs when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. There are several ways a trial court may abuse its discretion, including failing to enter a sentencing statement at all, articulating reasons in a sentencing statement that are not supported by the record, omitting reasons in a sentencing statement that are clearly supported by the record, or articulating reasons that are improper as a matter of law.

84 N.E.3d 635, 643–44 (Ind. Ct. App. 2017) (citing *Anglemyer v. State*, 868 N.E.2d 482, 490–91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218) (internal quotations omitted), *trans. denied*.

[13]     McClain contends that the trial court abused its discretion by failing to "properly" consider his mental illness as a mitigating factor. A trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor, nor is the court required to give the same weight to proffered mitigating factors as does the defendant. *Belcher v. State*, 138 N.E.3d 318, 328 (Ind. Ct. App. 2019) (citing *Comer v. State*, 839 N.E.2d 721, 728 (Ind. Ct. App. 2005)*, trans. denied*)*, trans. denied*.

[14]     The trial court here explicitly considered McClain's mental health issues when imposing sentencing, stating from the bench as follows:

> *There is no doubt that there is some mental counseling needed, there's some mental flaw that we can't figure out.* I would love to see [you] go that route. But I have presided in so many of these cases and you have been given so many opportunities over the years to make changes. And I recall the one prior case Prosecutor Drinski made the remark if you are on your medication, there's no problem, you're a pretty decent person. But you have a horrible record, you really do. You've been given every break in the book. And given your present mental condition, together with these crimes seem to be accelerating in seriousness; clearly you have finally reached the pinnacle of the worst of the worst, Matthew. I hate to say that but you really have. And at this point, given your record, together with your total lack of cooperation in trying to help you rehabilitate yourself shows that the interests of society far outweigh your individual needs. The Court finds that you should be sentenced to the maximum possible sentence in this instance. So, the Court is going to impose a sentence of two and a half years' incarceration on the underlying charge of intimidation, and that sentence will be enhanced by an additional six years for a total of eight and half years I guess. None of which is to be able to be suspended but you are to be given credit for

time served awaiting disposition. *I hope and I would so recommend to the Department of Correction that you be afforded any and all opportunities to undergo any kind of mental health counseling that could be deemed appropriate, including if they so choose to a mental health facility.* In the event that there be testimony down the road that you are cured—never totally cured—but to the point where you can be released back into society, I would love the opportunity to do so.

Tr. pp. 64–65 (emphasis added). Thus, to the extent McClain argues that the trial court wholly failed to consider his mental illness, he is incorrect.

[15] McClain's argument can only be construed as being that the trial court failed to give this mitigator the proper weight. However, the relative weight or value assignable to properly found mitigators and aggravators is no longer subject to review for an abuse of discretion. *Jackson v. State*, 973 N.E.2d 1123, 1131 (Ind. Ct. App. 2012) (quoting *Anglemyer*, 868 N.E.2d at 491), *trans. denied*. Here, the trial court considered McClain's mental illness but declined to give it mitigating weight. Post-*Anglemyer*, this is a decision that we may no longer review.[2] *See id.*

B. *Appropriateness of McClain's Sentence*

[16] McClain also argues that his eight-and-one-half-year sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we "may revise a sentence

---

[2] Assuming *arguendo* that the trial court abused its discretion by failing to properly consider McClain's mental health issues as a mitigator, this would not require us to remand for resentencing. Even if a trial court has abused its discretion in sentencing, the court on appeal need not remand for resentencing if the sentence imposed is not inappropriate. *Shelby v. State*, 986 N.E.2d 345, 370 (Ind. Ct. App. 2013), *trans. denied*; *Williams v. State*, 997 N.E.2d 1154, 1165 (Ind. Ct. App. 2013) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007)). As explained below, McClain's eight-and-one-half-year sentence is not inappropriate.

authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[17] Although we may revise a sentence on appeal, we still exercise deference to a trial court's sentencing decision because Appellate Rule 7(B) requires us to give "due consideration" to that decision, and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Trainor v. State*, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), *trans. denied*. Thus, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Moreover, our review under Appellate Rule 7(B) "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* And the question is not whether another sentence is more appropriate but whether the sentence imposed is inappropriate. *Rose v. State*, 36 N.E.3d 1055, 1063 (Ind. Ct. App. 2015).

[18] On appeal, it is the defendant's burden to persuade us that the sentence imposed by the trial court is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the

crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224).

[19] McClain was convicted of a Level 6 felony and found to be an habitual offender. The sentencing range for a Level 6 felony is one-half to two and one-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7(b). A trial court must sentence a person who is convicted of a Level 6 felony and found to be an habitual offender to an additional fixed term between two and six years. Ind. Code § 35-50-2-8(i)(2). Thus, the trial court sentenced McClain to the maximum sentence for a Level 6 felony and imposed the maximum habitual offender enhancement.

[20] In general, maximum sentences are reserved for the worst offenders and offenses. *Townsend v. State*, 934 N.E.2d 118, 132 (Ind. Ct. App. 2010) (citing *Johnson v. State,* 830 N.E.2d 895, 898 (Ind. 2005)), *trans. denied*. "Although the maximum possible sentences are generally most appropriate for the worst offenders, this rule is not an invitation to determine whether a worse offender could be imagined, as it is always possible to identify or hypothesize a significantly more despicable scenario, regardless of the nature of any particular offense and offender. *Kovats v. State*, 982 N.E.2d 409, 416 (Ind. Ct. App. 2013) (citing *Simmons v. State*, 962 N.E.2d 86, 92 (Ind. Ct. App. 2011)). Instead, "by stating that maximum sentences are ordinarily appropriate for the worst offenders, we refer generally to the class of offenses and offenders that warrant the maximum punishment, and this encompasses a considerable variety of offenses and offenders." *Id.* (citing *Simmons*, 962 N.E.2d at 92–93).

[21] There is nothing about the nature of McClain's offense, such as "restraint, regard, [or] lack of brutality," that persuades us that his sentence is inappropriate. *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). To the contrary, McClain escalated a simple request into a violent encounter requiring the jail officers to restrain him. While resisting the officers, McClain threatened one of them with a particularly violent manner of death—beheading.

[22] McClain's character, as revealed by his extensive criminal history, does nothing to persuade us that his sentence is inappropriate. From 2010 through 2019, McClain accumulated seven misdemeanor convictions and three felony convictions.[3] He was also arrested for and charged with numerous other crimes that were dismissed as a result of various plea agreements. More concerning is that two of McClain's prior felony convictions were for intimidation: the very offense for which he was again convicted in the present case. Thus, his prior convictions, as they relate to the current offense, reflect very poorly on his character. *See Simmons*, 962 N.E.2d at 93 (holding that defendant's prior convictions for drunken driving reflected very poorly on his character as it related to his current offense of operating a vehicle while intoxicated) (citing

---

[3] The presentence investigation report ("PSIR") included in the record before us does not include McClain's most recent convictions for which he was in jail at the time of the instant offense. We take judicial notice of the resolution of these charges from the chronological case summary for these cases, which is available publicly on Indiana's electronic case-management system. *State v. McClain*, No. 56D01-1706-F6-083, available at: http://mycase.in.gov [https://perma.cc/EB7S-D72D]; *see also Horton v. State*, 51 N.E.3d 1154, 1162 (Ind. 2016) (holding that court records in Indiana's statewide electronic case management system are presumptively sources of facts that cannot reasonably be questioned and are therefore the proper subject of judicial notice and taking judicial notice of trial court docket in related case showing that defendant had previously been convicted of Class A misdemeanor battery).

*Wooley v. State*, 716 N.E.2d 919, 929 n.4 (Ind. 1999) (noting that a prior conviction for operating a vehicle while intoxicated would be a significant aggravator in a subsequent alcohol-related offense)).

# Conclusion

As did the trial court, we recognize that McClain suffers from mental health issues. We also take judicial notice of the fact that McClain is currently incarcerated in the New Castle Psychiatric Unit, where we hope he is receiving appropriate treatment for his mental health issues.[4] However, under these facts and circumstances, McClain has not met his appellate burden of demonstrating that his eight-and-one-half-year sentence is inappropriate in light of the nature of his offense and his character as an offender. Accordingly, we affirm the judgment of the trial court.

Affirmed.

Bradford, C.J., and Najam, J., concur.

---

[4] *See* Indiana Offender Database Search, available at https://www.in.gov/apps/indcorrection/ofs/ofs?lname=mcclain&fname=matthew&search1.x=0&search1.y=0 [https://perma.cc/JFS3-GRHG].